UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JUDITH A. SHERLOCK,

                Plaintiff,

      - against -

WAL-MART STORE # 2156,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM & ORDER**

04-CV-1180 (DRH) (JO)

**A P P E A R A N C E S**

**JUDITH A. SHERLOCK**
Plaintiff Pro Se
402 A Village Drive Ridge
Middle Island, New York 11961

**BROWN RAYSMAN**
Attorneys for Defendant
900 Third Avenue
Garden City, New York 10022
By: Joel L. Finger, Esq.

**HURLEY, District Judge:**

*INTRODUCTION*

        Plaintiff Judith A. Sherlock brought the present sexual harassment and disability discrimination lawsuit against her former employer, Defendant Wal-Mart Store Number 2156 ("Wal-Mart"). Wal-Mart has moved to dismiss the case, citing Sherlock's alleged failure to timely file her complaint. For the reasons that follow, Wal-Mart's motion is GRANTED, but Sherlock may request leave to move to amend her complaint.

*BACKGROUND*

-1-

According to the allegations in the complaint, while employed with the Defendant in 1999 and 2000, Sherlock was "constantly subjected to sexual comments by [her] manager," who also insulted her, cursed her, and "made degrading statements in reference to [her]." According to Sherlock, this "caus[ed her] to feel inadequate as a person," and "t[ook] away [her] dignity as a human being."

Sherlock, appearing pro se, filed the above captioned complaint on March 22, 2004. Her federal employment discrimination form complaint states the allegations in the above paragraph, and indicates that "sexual harassment" is the relevant "discriminatory conduct of which [she] complain[s] in this action." The complaint also indicates that "prior to employment [Sherlock] had heart surgery," and states without elaboration that Wal-Mart "discriminated against [her]" based on this "disability."[1] Finally, the complaint indicates that Sherlock filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding Wal-Mart's alleged conduct on February 6, 2001, filed a charge with the Equal Employment Opportunity Commission ("EEOC") "on 2001-2003," and received a "Right to Sue letter" from the EEOC on December 9, 2003.

Wal-Mart has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Sherlock has not responded to the motion.

---

[1] The complaint does not actually specify whether it is brought pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, or the Americans with Disabilities Act. However, in light of the liberal construction to which Sherlock's pro se complaint is entitled (*see* Discussion, Part I, *infra*), it will be assumed that this complaint is brought pursuant to both Title VII and the Americans with Disabilities Act. *See* Discussion, Part II, *infra*.)

DISCUSSION

I.  *Dismissal: Legal Standards*

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in her favor. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *cert. denied*, 513 U.S. 816 (1994).

A district court should not grant a motion to dismiss solely because the plaintiff fails to respond to it. *See McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000). Although a plaintiff is entitled to submit papers in opposition to a Rule 12(b)(6) motion, she may also simply rely on her pleadings; where those pleadings are legally sufficient, her failure to respond to a Rule 12(b)(6) motion does not constitute a "default" justifying dismissal of the complaint. *See Maggette v. Dalsheim,* 709 F.2d 800, 802 (2d Cir. 1983), *and Smith v. Muccino*, 223 F. Supp.2d 396, 401 (D. Conn. 2002).

Dismissal under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim entitling her to relief. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 79 (2d Cir. 2003). Additionally, a court must construe pro se complaints like Sherlock's liberally, applying a more flexible standard to evaluate their sufficiency than the standard used to review complaints

submitted by attorneys. *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 140 (2d Cir. 2000). And these standards apply with particular strictness where, as here, the plaintiff's complaint alleges civil rights violations. *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). Nevertheless, a litigant's exercise of her right to self-representation does not exempt her from complying with the relevant rules of procedural and substantive law. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

II.     *Sherlock's Complaint Must Be Dismissed As Untimely.*

Sherlock's complaint, when construed with the requisite liberality, suggests causes of action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII")[2], and the Americans with Disabilities Act ("ADA").[3] Both statutes have strict requirements that a plaintiff exhaust administrative remedies before bringing suit in federal court. A Title VII claimant may file suit in federal court only after filing a timely complaint with EEOC and obtaining from it a "Right to Sue letter," and only within ninety days of receiving the letter. *See Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994) (citing 42 U.S.C. §§ 2000e-5(e)

---

[2]     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Gender-based workplace harassment violates Title VII's prohibition against sex discrimination. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998).

[3]     The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., prohibits employment discrimination against qualified, but disabled, individuals; the term "discrimination" includes failing to make reasonable accommodations for disabled individuals. *See Barnes v. CCH Corp. Sys.*, No. 01 Civ. 2575, 2004 WL 1516791, at *4 (S.D.N.Y. July 7, 2004) (citing 42 U.S.C. §§ 12112(a) & (b)(5)(A)).

and (f)). ADA claims are subject to the same administrative exhaustion requirement as Title VII claims, *see Wisneski v. Nassau Health Care Corp.*, 296 F. Supp.2d 367, 375 (E.D.N.Y. 2003) (citing *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999)), and thus must also be brought within ninety days of receipt of an EEOC "Right to Sue" letter. *See Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 713-14 (2d Cir. 2001) (citing 42 U.S.C. § 12117(a)).

The ninety-day filing rule is "not a jurisdictional prerequisite to suit in a federal court," and like a statute of limitations, may be subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, reh'g denied, 456 U.S. 940 (1982).[4] However, a plaintiff bears the burden of showing an adequate reason for the equitable modification of a statutory limitations period. *Id.* at 392. "[S]trict adherence to limitations periods 'is the best guarantee of evenhanded administration of the law,' " *Carey v. Int'l Bhd. of Elec. Workers*, 201 F.3d 44, 47 (2d Cir. 1999)(quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)), and in the absence of a recognized equitable consideration, a court cannot

---

[4] Of the above doctrines, equitable tolling is most commonly used to avoid the otherwise strict application of the ninety day limitations period at issue here. *See*, *e.g.*, *Zerilli- Edelglass v. New York City Transit Auth.*, 333 F.3d 74 (2d Cir. 2003). Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid unfairness, but applies "only in rare and exceptional circumstances," where "a party has been prevented in some extraordinary way from exercising his rights," *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996); for example, where "(1) the claimant received inadequate notice, (2) there is a pending motion for appointment of counsel, (3) the Court misled the plaintiff and as a result the plaintiff believed he had done everything required of him, or (4) the defendant engaged in affirmative misconduct, encouraging the plaintiff to take no action." *Vollinger v. Merrill Lynch & Co.*, 198 F. Supp.2d 433, 441 (S.D.N.Y. 2002). Sherlock has not suggested, and nothing in the record indicates, the existence of any such "rare and exceptional circumstances" in the present case.

extend statutory limitations periods by even one day. *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (quoting *Rice v. New England Coll.*, 676 F.2d 9, 11 (1st Cir. 1982)).

In the present case, the complaint itself indicates that Sherlock received a Right to Sue letter from the EEOC on December 9, 2003, but did not file her complaint until March 22, 2003 — more than ninety days later. Sherlock has also failed to offer any equitable reason to waive, estop, or toll the ninety day statutory limitations period that applies to her Title VII and ADA claims. Accordingly, these claims must be dismissed.

III.     *Sherlock May Request Leave to Move To Amend Her Complaint.*

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint, even following dismissal, is generally "freely given." Thus, although the ultimate decision to grant or deny a motion to amend is within the district court's discretion, *Foman v. Davis*, 371 U.S. 178, 182 (1962), courts should ordinarily allow leave to amend the complaint when granting a motion to dismiss. *See Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). This "relaxed standard" is particularly applicable when the plaintiff seeks to complain of civil rights violations. *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). And a pro se litigant should generally be granted leave to amend at least once, where a liberal reading of her complaint gives some indication of a valid claim. *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999).

A motion to amend the pleadings may be denied, however, for various reasons, most notably futility. The amendment of claim is futile when "it is beyond doubt that the

plaintiff can prove no set of facts in support of his amended claims," *Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999) (internal quotation omitted), or when the proposed amended complaint fails to state a claim upon which relief can be granted. *See Ricciuti*, 941 F.2d at 123. Thus, determinations of futility are generally made under the same standards that govern Rule 12(b)(6) dismissal motions. *See Nettis v. Levitt*, 241 F.3d 186, 194 n.4 (2d Cir. 2001).

Accordingly, Sherlock may move to amend her complaint, so long as her amendments would not be "futile" under the above standard.

## *CONCLUSION*

For all of the above reasons, the Defendant's motion is GRANTED, and the complaint is hereby DISMISSED in its entirety, without prejudice to amend. If Sherlock desires to move to amend, she must submit a letter to the Court stating so (with copies served upon Wal-Mart's counsel), on or before May 27, 2005. If she fails to submit and serve such a letter by that date, this case will be terminated with prejudice.

**SO ORDERED.**

Dated:  Central Islip, New York
        May 2, 2005                          /s/
                                             Denis R. Hurley
                                             United States District Judge